*O'Hara & Bryan, for appellant.*

*T. F. Hallam, for appellee.*

---

## W. W. WATSON, ET AL. *v.* CHAS. A. WARNOCK, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—520.]

### Burden of Proof in a Will Case.

In a will case the burden in the first instance, on the question of capacity, is upon the propounders. They should be allowed some latitude in determining what amount of evidence will make out a prima facie case and shift the burden from them, and they may if they will introduce all of their evidence in the beginning on that issue; but they should be required to finish if the evidence introduced shows an effort to prove more than a prima facie case, and place the contestants between the divided witnesses of the propounders to give them the first and last impression upon the jury.

## APPEAL FROM GREENUP CIRCUIT COURT.

*December 15, 1883.*

OPINION BY JUDGE HARGIS:

While Charles Warnock, Sr., was on a visit to his brother, Allen C. Warnock, in Pennsylvania county, Virginia, he made his will and devised to that brother all his money, bonds, debts and certificates of deposit, and to the son of said brother all of his lands in Kentucky. The will was written by a lawyer of that county and witnessed by three neighbors of Allen C. Warnock. Their evidence establishes the testable capacity of the testator, and shows with singular force the existence upon his part of intelligence and will power to a very high degree for one of his physical condition and age, he being eighty-three years old and in bad health. His will was the result of a previous determination which, while it is controverted by a number of witnesses who testify to opposite oral declarations, is proved by his letters and the evidence of persons of undoubted veracity who heard him express his desire to make such a will as he did make. As to undue influence there is no direct evidence sustaining its existence. There are circumstances which may tend to prove the exercise of undue influence, but in order to give them much force the worst construction would have to be placed upon them.

But whatever may be the weight of the evidence, considering it contradictory, the verdict of the jury is certainly sustained by it, and as such verdicts are to be treated by this court as verdicts in other civil cases it can not be ditsurbed unless there was some assigned error committed during the trial. The first error is claimed to have been committed in overruling appellant's motion for a continuance. The affidavits of the contestants was read as a deposition, and as no reason was shown for personal presence of the witnesses there was no error in refusing a continuance.

As to the admission of the testimony of certain witnesses on the subject of mental capacity and undue influence offered by the propounders in rebuttal after the contestants were through with their evidence, we perceive no reversible error, because the witnesses were competent and the evidence relevant, the only objection to the evidence being that it was introduced in rebuttal instead of in chief. *Wilson v. Bibb,* 1 Dana (Ky.) 7, 25 Am. Dec. 118. While it is

usual to stop with the subscribing witnesses, where the will is reasonable on is face, if they only prove statutory execution and do not stultify themselves as to capacity of the testator, yet we are not prepared to say that the introduction in chief of the original draftsman of the will, in addition to the subscribing witness, upon the question of capacity will bar the propounders of the right to introduce other evidence in rebuttal on that subject. There was not such an abuse of the rules of practice in this case as prejudiced the substantial rights of the appellants. When a party begins in chief generally he should close before his opponent begins; but in will cases, as the burden in the first instance on the question of capacity is upon the propounders, they should be allowed some latitude in determining what amount of evidence will make out a prima facie case, and shift the burden from them, and they may if they will introduce all of their evidence in the beginning on that issue, but they should be required to finish if the evidence introduced shows an effort to prove more than a prima facie case, and place the contestants between the divided witnesses of the propounders to give them the first and last impression upon the jury. The depositions of Johnson and Watson were not wholly excluded, and as the parts which were excluded are not shown and some of each might properly have been excluded as matter in chief, there is no apparent reversible error in the action of the court on that subject.

Without going into a detailed discussion of the instructions it may be said generally that they present the law more favorably to the appellants, when considered as a whole, than they were entitled to. The first required proof of statutory execution, and the sixth that the testator possessed a sound mind when he made the will. The definition of sound mind as given in instruction 2 was in accord with the cases of *Tudor v. Tudor,* 17 B. Mon. (Ky.) 383, and *Elliott's Will,* 2 J. J. Marsh. (Ky.) 340, and was essential to a proper understanding of No. 6. The fourth instruction on the subject of undue influence was too strong, but the extended definition of the elements which constitute undue influence given in the third instruction relieved it from the danger of being construed as meaning physical force and prevented, as we think, the jury from being misled by it.

The fifth instruction told the jury in effect if the testator was unable by reason of failure of memory to know his property he was

incompetent. This might have been construed to mean any part of his property, and in that view was error in favor of the appellants. The eighth instruction was abstract and made no discrimination as to whether the fear or aversion towards his known next of kin operated upon him with reference to those who were embraced or excluded by the will and left the jury to determine who were next of kin, and heirs at law. Taken together with its peculiar wording and the question of law left to the jury by it, we think it was calculated to mislead the jury in favor of the appellants, and impress upon them influences which were at best mere suspicions and were without foundation in fact.

At any rate another instruction should have been given as a converse to the eighth and in explanation of who were the heirs at law of the testator; and even then we have grave doubts of the propriety of such an instruction in view of the plain definition of mental capacity given too favorably to appellants. The other assignments of error are either too general or not based on the facts of the record.

Wherefore the judgment sustaining the will of Charles Warnock, Sr., is *affirmed*.

*E. F. Dulin, T. H. Paynter, B. F. Bennett, W. H. Wadsworth, Roe & Roe, for appellants.*

*L. T. Moore, Wm. Lindsay, for appellees.*